WHATLEY, Judge.
The guardian, Thomas R. Weekes, appeals the order denying his request for a hearing to reconsider the order denying his discharge as guardian of the property. Weekes asserts that the order denying discharge contains findings and conclusions not supported by the record, and therefore, he filed a motion for a hearing to reconsider that order. The trial court entered an order denying the request for a hearing and discharging Weekes as guardian of the person.
The order denying discharge was entered in response to Weekes’ notice of discharge as guardian of the person. Weekes’ notice said nothing about dis *483 charge as guardian of the property,[1] but the trial court addressed that issue in the order denying discharge. We agree with Weekes that due process dictates that he should have been afforded an opportunity to be heard on the matters that the trial court set forth as the basis for the denial of the discharge of him as guardian of the property.
Accordingly, we reverse the order insofar as it denies Weekes a hearing and remand with directions that Weekes be afforded a hearing on the issue of his discharge as guardian of the property. We affirm the order insofar as it discharges Weekes as guardian of the person.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, J., and DANAHY, PAUL W., Senior Judge, Concur.

. Weekes' notice did not request a hearing, and this was likely due to the fact that Florida Probate Rule 5.680 provides that "[a] guardian of the person is discharged without further proceeding upon filing a certified copy of the ward's death certificate." See § 744.521, Fla. Stat. (2000).